UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY DURELLE JOHNSON,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　　　　Respondent. | No.  2:14-cv-2334 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

　　　I. Preliminary Review of Petition

　　　Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, Rule 4 requires that the petition be dismissed summarily.

　　　II. Failure to State a Cognizable Claim

　　　Federal jurisdiction over a habeas petition arising from a state court judgment is limited to persons "in custody" pursuant to that judgment.  See 28 U.S.C. § 2254(a).  However, "physical custody alone is insufficient to confer jurisdiction." Bailey v. Hill, 599 F.3d 976, 984 (9th

Cir. 2010). The court may entertain a habeas petition only on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Bailey, 599 F.3d at 980 ("Section 2254(a)'s language . . . explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody").

In this case, petitioner challenges only the validity of a restitution order. Specifically, petitioner asserts that the restitution order violates various provisions of California law. He goes on to assert that these violations amount to violations of his rights under the Due Process Clause of the 14th Amendment to the U.S. Constitution.

However, petitioner does not challenge the lawfulness of his physical incarceration under federal law. Accordingly, petitioner fails to satisfy the "in custody" requirement to create jurisdiction under § 2254. See Bailey, 599 F.3d at 980–84; Garland v. Cate, 2013 WL 129298, at * 4 (E.D. Cal. 2013) (Claire, M.J.) ("Even if the court were to construe the complaint as a petition for relief under 28 U.S.C. § 2254, the court would lack jurisdiction to consider a challenge to the fine, as petitioner has raised no challenge to his custody").

III. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To be entitled to the certificate, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the requirement for issuance of a certificate of appealability in this case. Specifically, the court finds that reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable. Accordingly, a certificate of appealability should not issue in this action.

////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk assign a district judge to this action;

2. Plaintiff's Application To Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot; and

IT IS HEREBY RECOMMENDED as follows:

1. That this petition (ECF No. 1) be summarily DISMISSED for lack of federal jurisdiction;

2. That no certificate of appealability issue in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-eight days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 21, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE